IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 10 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

KENNETH E. FAIRLEY, JR. and
ARTIE FLETCHER

CRIMINAL NO. 2:16cr3 KS-MTP

18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1956(h)
18 U.S.C. § 1957

**The Grand Jury charges:**

COUNT 1

That from in or about August 2010 and continuing through on or about December 12, 2012, in Forrest County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendants, **KENNETH E. FAIRLEY, JR.** and **ARTIE FLETCHER**, did knowingly and willfully conspire with each other and with others known and unknown to the Grand Jury, to defraud the United States or commit offenses against the United States as follows:

Embezzle, steal, purloin, or knowingly convert to their use or the use of another any record, voucher, money, or thing of value of the United States or an agency thereof, in violation of Section 641, Title 18, United States Code.

OBJECTS OF THE CONSPIRACY

At all times relevant and material to this indictment:

The Department of Housing and Urban Development (HUD) is a federal agency, whose headquarters is located in the District of Columbia. During the period of the conspiracy, HUD awarded the City of Hattiesburg funds for the rehabilitation of local residential properties within the city. On or about August 3, 2010, the City of Hattiesburg entered into an agreement with

Pinebelt Community Services (hereafter referred to as Pinebelt), a HUD certified CHDO[1] for the purpose of rehabilitating three Hattiesburg, Mississippi residences including properties located at 127 E. 5th Street and 202 South Street. This agreement was amended on July 19, 2011 to only correspond with two residential properties, 127 E. 5th Street and 202 South Street. The amended agreement was executed by defendant **KENNETH E. FAIRLEY, JR.** (hereafter referred to as **FAIRLEY**), as a representative or agent of Pinebelt, on August 9, 2011.

Defendant **ARTIE FLETCHER** (hereafter referred to as **FLETCHER**), as owner of Interurban Development (hereafter referred to as Interurban), a for-profit development organization based in New Orleans, Louisiana, was contracted by Pinebelt through the direction of **FAIRLEY** to rehabilitate the two previously described properties under the HUD grant.

As part of the conspiracy, **FAIRLEY** and **FLETCHER** agreed for **FLETCHER** to provide "seed money" to Pinebelt, given that the HUD agreement was a reimbursement contract and thus required Pinebelt to incur the costs of the project prior to receiving money from HUD.

It was further a part of the conspiracy that **FLETCHER** directed an individual known to the Grand Jury and associated with the Neighborhood Improvement and Community Education Foundation (hereafter referred to as NICE), a non-profit organization based in New Orleans, Louisiana, to transfer the "seed money" from a financial institution account under the control of NICE to entities controlled by Fairley.

It was further a part of the conspiracy that **FLETCHER**, as the owner of Interurban, authorized **FAIRLEY** to complete two requests for bids on behalf of Interurban, which were subsequently submitted by Pinebelt to the City of Hattiesburg as cost projections for the rehabilitation of the two previously described properties under the HUD grant. However,

---

[1] Community Housing Development Organization (CHDO), a private non-profit, community-based service organization that has, or intends to obtain, staff with the capacity to develop affordable housing for the community it serves.

**FLETCHER** and **FAIRLEY** agreed that Interurban would not perform the work. Instead, **FAIRLEY** subcontracted the work to local individuals and companies who attempted to perform the work for a lesser amount. The excess money paid by HUD to Pinebelt, which was the difference in the actual cost of work done by locally subcontracted individuals hired by Pinebelt versus the fake costs as submitted on the Request for Bids, was unlawfully utilized to enrich **FAIRLEY** and **FLETCHER**.

A review of the itemized lists of repair costs submitted to HUD by Pinebelt for each property revealed that $24,432.95 was spent on labor and materials for 127 E. 5th Street and $13,373.31 was spent on labor and materials for 202 South Street. According to subpoenaed records, all of the labor and materials costs were paid by Pinebelt via a Wells Fargo checking account, not Interurban, which was purported to be the contractor for the two previously described properties under the HUD grant.

It was further a part of the conspiracy that **FAIRLEY** would repay **FLETCHER** the seed money by transferring funds to Interurban rather than NICE.

It was further a part of the conspiracy that **FLETCHER**, while a representative of Interurban, would authorize **FAIRLEY** to submit fraudulent bids/cost projections which would be submitted by Pinebelt for the rehabilitation of the two properties.

It was further a part of the conspiracy that **FAIRLEY** and **FLETCHER** would submit documents which misrepresented to HUD the activities of Interurban and Pinebelt by creating inflated invoices and receipts, knowing that Interurban had not performed work on either of the residential properties.

It was further a part of the conspiracy that **FAIRLEY** and **FLETCHER** would conceal the nature, scope, and existence of the conspiracy and attempt to shield its participants from detection and prosecution.

## OVERT ACTS

In furtherance of the conspiracy and to carry out its unlawful objectives, the following overt acts were committed:

1. On or about May 5, 2011, **FAIRLEY** submitted an engagement letter on behalf of Pinebelt to the City of Hattiesburg authorizing Interurban to perform work on 202 South Street.

2. On or about June 18, 2011, **FLETCHER** directed NICE to issue a check in the amount of $7,500.00 to Pinebelt.

3. On or about June 28, 2011, **FLETCHER** directed NICE to issue a check in the amount of $17,500.00 to Pinebelt.

4. On or about July 7, 2011, **FLETCHER** directed NICE to issue a check in the amount of $25,000.00 to Pinebelt.

5. On or about August 9, 2011, **FAIRLEY**, on behalf of Pinebelt, signed a request for funds for rehabilitation of 127 E. 5th Street.

6. On or about July 12, 2011, **FAIRLEY**, on behalf of Pinebelt, signed a request for funds for rehabilitation of 202 South Street.

All in violation of Section 371, Title 18, United States Code.

## COUNT 2

That on or about July 22, 2011, in Forrest County in the Eastern Division of the Southern District of Mississippi, the defendant, **KENNETH E. FAIRLEY, JR.**, together with others known and unknown to the Grand Jury, did knowingly and willfully retain, conceal, and convert

to his own use or the use of another money of the United States in an amount greater than $1,000.00, that is, $46,703.50 provided by the Department of Housing and Urban Development (HUD), an agency of the United States of America, to the City of Hattiesburg, which money had come into his possession and under his care by virtue of a HUD grant awarded by the City of Hattiesburg to Pinebelt Community Services.

All in violation of Sections 641 and 2, Title 18, United States Code.

## COUNT 3

That on or about August 26, 2011, in Forrest County in the Eastern Division of the Southern District of Mississippi, the defendant, **KENNETH E. FAIRLEY, JR.**, together with others known and unknown to the Grand Jury, did knowingly and willfully retain, conceal, and convert to his own use or the use of another money of the United States in an amount greater than $1,000.00, that is, $51,296.50 provided by the Department of Housing and Urban Development (HUD), an agency of the United States of America, to the City of Hattiesburg, which money had come into his possession and under his care by virtue of a HUD grant awarded by the City of Hattiesburg to Pinebelt Community Services.

All in violation of Sections 641 and 2, Title 18, United States Code.

## COUNT 4

That from in or about August 2010 and continuing through April 26, 2012, in Forrest County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendants, **KENNETH E. FAIRLEY, JR.** and **ARTIE FLETCHER**, did knowingly conspire with each other and others known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions as prohibited by Section 1957, Title 18, United States Code, as more specifically set out in counts 5, 6, and 7, knowing that the property involved in the

financial transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity and knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of Section 1956(h), Title 18, United States Code.

## COUNT 5

That on or about July 22, 2011, in Forrest County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KENNETH E. FAIRLEY, JR.**, aided and abetted by another person, did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, a deposit of a monetary instrument in the amount of $46,703.50, such property having been derived from a specified unlawful activity, that is, theft of government money as prohibited by Section 641, Title 18, United States Code.

All in violation of Sections 1957 and 2, Title 18, United States Code.

## COUNT 6

That on or about August 26, 2011, in Forrest County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KENNETH E. FAIRLEY, JR.**, aided and abetted by another person, did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, a deposit of a monetary instrument in the amount of $51,296.50, such property having been derived from a specified unlawful activity, that is, theft of government money as prohibited by Section 641, Title 18, United States Code.

All in violation of Sections 1957 and 2, Title 18, United States Code.

## COUNT 7

That from on or about August 25, 2011 and continuing through on or about September 6, 2011, in Forrest County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendant, **ARTIE FLETCHER**, aided and abetted by another person, did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, a deposit of a monetary instrument in the amount of $72,000.00, such property having been derived from a specified unlawful activity, that is, theft of government money as prohibited by Section 641, Title 18, United States Code.

All in violation of Sections 1957 and 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, and Section 2461, Title 28, United States Code.

_____
GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

_s/ signature redacted_____
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the __10th__ day of __March__, 2016.

_____
UNITED STATES MAGISTRATE JUDGE