IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

VS.                                                                      CRIMINAL NO. 2:16CR3KS-MTP

**KENNETH E. FAIRLEY, SR.
AND ARTIE FLETCHER**

<u>Omnibus Motion to Dismiss
Money Laundering Counts (Counts Four through Seven)</u>

Defendant Kenneth Fairley, Sr., through undersigned counsel, respectfully moves this Court to dismiss Counts Four, Five, Six and Seven of the pending Indictment. These allegations of money laundering are flawed and subject for dismissal for several, independent reasons, as presented herein.

I. **Counts Five and Six of the Indictment are Fatally Flawed Because the Indicted Counts Do Not Allege an Essential Element of Money Laundering, Specifically Proceeds Derived from a Specified Unlawful Activity.**

Counts Five and Six allege violations of 18 U.S.C. Section 1957. In order to prove a violation of this statute, the government must prove that the identified funds were proceeds derived from a specified unlawful activity. *See* Fifth Circuit Pattern Jury Instructions, Criminal, Section 2.76 (2015). As the Fifth Circuit has repeatedly explained, funds do not become "proceeds of a specified unlawful activity" until the specified unlawful activity is completed. <u>United States v. Harris</u>, 666 F.3d 905, 909 (5th Cir. 2012); <u>United States v. Gaytan</u>, 74 F.3d 545 (5th Cir. 1996); <u>United States v. Puig-Infante,</u>     19 F.3d 929 (5th Cir. 1994).

"Money does not become proceeds of illegal activity until the unlawful activity is complete." <u>Harris,</u> 666 F.3d at 909. Both the Fifth Circuit and the Justice Department have clearly instructed that funds involved in a substantive offense cannot become proceeds for

laundering until the funds are controlled by the defendant.  United States v. Johnson, 971 F.2d 562, 567-70 (10th Cir. 1992), *cited with approval by* United States v. Allen, 76 F.3d 1348, 1360-62 (5th Cir. 1996); *see also* United States Dept. of Justice, Criminal Resource Manual, Section 2187.[1]  A defendant does not take control of the funds until the funds are received into the defendant's account.  Id.

In Counts Five and Six of this Indictment, the government fails to identify any proceeds from a completed, substantive crime.  *See* Indictment, p. 6.  Rather the government alleges that Defendant Fairley violated Section 1957 when the Defendant deposited the checks from HUD.  Indictment, p. 6.  But these checks that were deposited are the same checks that are the basis of the specified unlawful activity in Counts Two and Three.  Indeed, the dates and the amounts in Counts Two and Three are the same dates as Counts Two and Three.  The funds allegedly misappropriated in Counts Two and Three were not in the control of the Defendant until the checks are deposited.  And until the checks were deposited and funds were available in the account, the substantive offense of embezzlement of government funds was not complete, the funds were not in the control of the Defendant and the funds are not proceeds that subsequently can be laundered.

Accordingly, the funds referenced in Counts Two and Three *as a matter of law* cannot be the subject of a money laundering count because the funds are not proceeds derived from unlawful activity until **after** the funds are deposited.  As the Tenth Circuit described in Johnson, a money laundering count fails if it is based on the same transaction by which the defendant takes control of the funds.  Johnson at 1360-62.  Because Counts Five and Six fail to allege any proceeds of a specified unlawful activity, Counts Five and Six fail to state a cause of action and the government has failed to establish subject matter jurisdiction.  Therefore, Counts Five and Six must be dismissed.

---

[1]  The Department of Justice publishes the Criminal Resource Manual online at https://www.justice.gov/usam/criminal-resource-manual-2187-new-approval-and-reporting-requirements-certain-money-laundering.

## II. Counts Four, Five, Six, and Seven of the Indictment are Fatally Flawed Because the Indicted Counts Violate the Merger Principle and the Statutory Sense of Congress Declaration.

As a separate basis for dismissal, this Court should dismiss Counts Five, Six and Seven because there is not "a clear delineation" from the financial crimes alleged in Counts One, Two, and Three and the money laundering crimes alleged in Counts Four, Five, Six and Seven. Congress intended money laundering to constitute a separate and independent offense, "discrete and apart from the underlying substantive offense." United States v. Trejo, 610 F.3d 308, 314 (5th Cir. 2010). "Strict adherence to his standard 'helps ensure that the money laundering statute will punish conduct that is really distinct from the underlying specified unlawful activity and will not simply provide overzealous prosecutors with a means of imposing additional criminal liability any time a defendant makes a benign expenditure…'" Id., *quoting* United States v. Brown, 186 F.3d 661, 670 (5th Cir. 1999).

After a series of cases in which the Supreme Court and several Circuit Courts issued opinions critical of the Department of Justice's prosecution of money laundering activity that was difficult to discern from the substantive criminal activity, Congress intervened and issued a "Sense of Congress" declaration. See United States Criminal Resource Manual, Section 2187. The statutory declaration discourages bringing money laundering charges when the alleged activity is closely tied to the substantive criminal offense, and requires Assistant United States Attorneys to obtain prior, written approval from the Justice Department's Asset Forfeiture and Money Laundering Section as well as written approval from the United States Attorney. In response to the Sense of Congress declaration, the Department amended its policy manual to prohibit the charging of money laundering crimes that were closely associated or "merged with" the substantive offense. "As a general rule, neither § 1956 nor § 1957 should be used where the same financial transaction represents both the money laundering offense and a part of the

specified unlawful activity generating the proceeds being laundered." United States Attorney's Manual, Section 9-105:330(3).

Notwithstanding this broad and unambiguous prohibition, the United States in this case has indicted this exact type of conduct. The United States alleges in Counts Two and Three that certain, identified transactions constituted a violation of 18 U.S.C. Section 641, embezzlement of government funds. Then, in Counts Four, Five, and Six, the United States alleges that ***the exact same transactions*** violated 18 U.S.C. Sections 1956(h) and 1957. Count Seven, which alleges a repayment of financing provided by Defendant Fletcher, is the type of "benign expenditure" referenced in the Fifth Circuit's <u>Trejo</u> and <u>Brown</u> decisions. Simply stated, there is no delineation between the "specified unlawful activity generating the proceeds" and the financial transaction that constitutes "the money laundering offense." United States Attorney's Manual, Section 9-105:330(3).

Based on this violation of the Sense of Congress declaration and the Justice Department's own guidance, this Court should dismiss Counts Four, Five, Six and Seven.

**III.     The Money Laundering Counts Are Subject to Dismissal Based on the Legally Incorrect Explanation of the Elements of Money Laundering Provided to the Grand Jury.**

Special Agent Luker was the only witness that testified before the Grand Jury. During his testimony, the government prosecutor asked SA Luker to explain the legal definition of money laundering the Grand Jury. SA Luker instructed the Grand Jury:

> Well, the money laundering comes in where the money laundering is taking the proceeds or the money you get from the illegal activity and spending them, basically. So what happens, we say he stole some money from the government because he got these monies that he didn't -- he was not entitled to. He sent in false invoices, false requests. So he got money that he was not entitled to, theft of government funds, which is a specified unlawful activity under the Code, and once you have those proceeds, that money from the theft, and you spend it, its money laundering.

> And what happened, he got the two checks, and after he got the two checks, he deposited those into the bank account, which was one count each of money laundering, the deposit if each check.

Grand Jury Testimony, Special Agent Bradley Luker, March 10, 2016, p. 15.

Both the legal definition and the practical application of the money laundering statute are incorrect. SA Luker's explanation of money laundering did not address each of the elements of money laundering. For example, SA Luker did not provide a clear explanation of the element regarding proceeds, specifically that the proceeds involved in the laundering transaction must be derived from the completed specified unlawful activity, and cannot be funds involved in the commission of the specified unlawful activity. Additionally, SA Luker did not address the $10,000 threshold element in Section 1957. SA Luker's legal definition of money laundering only attempts to address Section 1957, so the grand jury was left with the misimpression that an individual could violate Section 1956(h) simply by conspiring to spend criminally derived proceeds, and this is legally incorrect. Nor did SA Luker attempt to address the concealment or promotion money laundering concepts that are fleetingly referenced in Count 4.

In the absence of any correcting instruction, the Grand Jury returned the Indictment based on an incorrect understanding of money laundering and the legal elements of money laundering. The Defendants were effectively denied their Constitutional right to a grand jury review of the allegations if, as the record reflects, the grand jury was misled regarding the legal elements of the money laundering statutes.

This basis for dismissal is an independent reason for dismissal of the money laundering counts.

**IV.     Count Four Fails Because There Is No Evidence that the Defendants Intended to Promote Ongoing Activity or Conceal the Proceeds.**

Count Four is drafted in such a manner that it is difficult to understand the government's allegation. The government alleges in Count Four that Defendants Fairley and Fletcher knowingly engaged in a conspiracy to commit money laundering by conducting financial transactions prohibited by Section 1957 and with the intent to promote the carrying on of specified unlawful activity and knowing that the transaction was designed to conceal the proceeds. The Indictment does not include any specific allegation or promotional money laundering or concealment money laundering, nor is there any evidence of either of these forms of money laundering. As noted in Count 4, the Indictment does contain specific allegations of money spending in violation of Section 1957, but neither the Indictment or the grand jury testimony reference any evidence of intent, specifically that Fairley knowingly joined a conspiracy in order to launder funds for Fletcher, either through Section 1957, concealment of proceeds, or promotion of any scheme. Likewise, the government neither alleges nor presented any evidence that Fletcher knowingly attempted to participate in an effort to launder the funds.

The Fifth Circuit has repeatedly rejected the government's attempts to bring money laundering conspiracy counts when there is no evidence that an individual defendant intended to engage in money laundering. *See* United States v. Cessa, 785 F.3d 165, 179-80 (5th Cir. 2015); United States v. Brown, 186 F.3d 661, 669 (5th Cir. 1999). In Cessa, the government indicted a horse trainer that operated a racehorse training facility. Although there was evidence that the racehorse training facility was financed through proceeds of a Cartel-based drug distribution organization, there was no evidence that the horse trainer knowingly conspired with those involved in the money laundering. The horse trainer was simply involved with the operations, not the laundering.

Applying the holdings in Cessa to this case, the government fails to allege or present evidence that either Defendant had the requisite intent. Fairley did not know any details of Fletcher's corporate and philanthropic structures. Fairley could not have conspired to move funds from one structure to another, primarily because he was not aware of the different

structures.  From Fletcher's perspective, he did not have any knowledge of the operations of Pinebelt Community Services, the CHDO through which Pastor Fairley interacted with HUD.

If the government's theory is that Fletcher was trying to transfer money from his foundation to his personal accounts, the government presented no evidence to the Grand Jury that Fairley agreed to participate in this activity.  Indeed, as explained to the Grand Jury, this "theory" As in Cessa, Fairley had no knowledge of Fletcher finances or business operations.  Fairley did not form any shell entities for Fletcher, did not engage in any efforts to conceal the payments to Fletcher, and did not engage in any concerted or coordinated action with Fletcher.  Fairley merely arranged for Pinebelt to borrow funds from Fletcher and subsequently paid and repaid funds to Fletcher.  No direct or circumstantial evidence indicates that Fairley had any intent or an agreement with Fletcher to launder funds, or that Fletcher had any intent or agreement with Fairley to engage in any substantive unlawful activities or to launder any proceeds from these activities.

## Conclusion

Defendant Kenneth Fairley, Sr. respectfully moves this Court to dismiss the money laundering allegations in Counts Four, Five, Six, and Seven.  These Counts contain legally insufficient allegations that fail to allege critical elements, e.g., that the proceeds had been derived from completed, specified unlawful activities, violate a Sense of Congress declaration, were based in legally improper jury instructions to the grand jury, and contain no allegations or evidence of intent to conspire knowingly.   Accordingly, these Counts should be dismissed.

Respectfully submitted this the 31st day of August, 2016.

/s/ Sanford E. Knott
ATTORNEY FOR DEFENDANT
KENNETH E. FAIRLEY, SR.
SANFORD KNOTT & ASSOCIATES, P.A.
425 South State
Post Office Box 1208

Jackson, Mississippi 39215-1208
Telephone Number: (601) 355-2000
Facsimile Number: (601) 355-2600
Email: knottlaw@bellsouth.net

Arnold A. Spencer, Esquire
Bar No. 00791709
Pro Hac Vice Pending
ATTORNEY FOR DEFENDANT
KENNNETH E. FAIRLEY, SR.
500 Main Street, Suite 1040
Forth Worth, Texas, 76102

## **CERTIFICATE OF SERVICE**

I, Sanford E. Knott, attorney for Defendant, do, hereby, certify that I have on this date mailed via, United States Postal Services, postage prepaid, a true and correct copy of the foregoing document to the following:

Jay Golden, Esquire
Office of the U.S. Attorney
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201

This the 31st day of August, 2016.

/s/ Sanford E. Knott
Sanford E. Knott, Esquire