IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

     V.                             CRIMINAL NO. 2:16cr3KS-MTP

KENNETH E. FAIRLEY
and ARTIE FLETCHER

Motion for Reconsideration of Omnibus Motion to Dismiss

Comes Now Defendant Kenneth Fairley and respectfully moves this Court to reconsider its Order of Wednesday, August 31, 2016 denying Defendant's Omnibus Motion to Dismiss. The Motion is based on an objection to the Court's subject matter jurisdiction over the money laundering counts. The Order denied the Motion based on Defendant's failure to bring the motion before Court-ordered deadlines and within seven days of trial in violation of Federal Criminal Rule of Procedure 47.

Defendant now asks the Court to reconsider its Order because subject matter jurisdiction is a unique legal objection in that objections to subject matter jurisdiction cannot be waived pursuant to Court-ordered or procedural deadlines.

Procedural History

On Tuesday, August 30, 2016, Defendant Kenneth Fairley filed his Omnibus Motion to Dismiss the Money Laundering Counts, arguing that the Court lacked subject matter jurisdiction. The Court denied the Motion, because the Motion was filed after the deadlines established by the Court for dispositive motions and because the Motion was filed within seven (7) days of trial in violation of Rule 47 of the Federal Rules of Criminal Procedure.

<u>Legal Basis for Reconsideration</u>

Subject matter jurisdiction cannot be waived by a party or by the court.  A motion to dismiss based on subject matter jurisdiction can be raised at any time, even after trial or on appeal.  If a court lacks subject matter jurisdiction, all of the court's actions and orders are moot, because the court was never in a jurisdictional position to exercise authority.

The legal authority for this proposition is clear.  "Lack of subject matter jurisdiction may be raised at any time.  Indeed, even if the litigants do not identify a potential problem in that respect, it is the duty of the court-- at any level of the proceedings -- to address the issue sua sponte whenever the issue is perceived." James Moore, 2 Moore's Federal Practice, Section 12,30(1)(Matthew Bender 3rd ed. 1997).  "[P]arties cannot waived subject matter jurisdiction by express consent, or by conduct, or even by estoppel. . . . Even if the parties remain silent, a federal court, whether trial or appellate,  is obliged to notice on its own motion  its lack of subject matter jurisdiction." Charles Alan Wright and Arthur Miller, Federal Practice and Procedure, Section 3522 (3rd ed. 2008).

The Court lacks subject matter jurisdiction over the money laundering counts because the government has failed to allege the elements of a federal crime.  Specifically, the government has not identified any criminally derived proceeds which can be laundered.  It is as if the government stated that, "The speed limit is 55 miles per hour and the driver was driving 45 miles per hour."  Even if the government proves all of the allegations in these counts as alleged, no crime would have been  committed.  And no federal court has subject matter jurisdiction over conduct that, as identified by the government, does not violate the identified federal statute.

Accordingly, this Court should reconsider the Order denying the Omnibus Motion to Dismiss the Money Laundering Counts.

Respectfully submitted this 2nd day of September, 2016,

        BY:        _/s/ Sanford Knott_____
                        Sanford E. Knott
                        MSB # 8477
                        Sanford Knott and Associates, PA
                        P.O. Box 1280
                        Jackson, Mississippi  39215
                        601-355-2000 (fax)
                        601-335-2699 (fax)

                        _/s/ Arnold A. Spencer_____
                        Appearing Pro Hac Vice
                        Texas State Bar No. 00791709
                         500 Main Street
                        Fort Worth, Texas 76102
                        (214) 385-8500

**CERTIFICATE OF SERVICE**

      I, Arnold A. Spencer, attorney for Defendant, do, hereby, certify that I have on this date emailed and mailed via, United States Postal Services, postage prepaid, a true and correct copy of the foregoing document to the following:

Jay Golden, Esquire
Office of the U.S. Attorney
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201

This the 2nd Day of September, 2016.

                                              __/s/__Arnold A. Spencer_____


                                         /s/ Sanford E. Knott Sanford E. Knott, Esquire