**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**United States of America**

      vs.                                                                            **Criminal No. 2:16-cr-3  KS - MTP**

**Kenneth E. Fairley, Sr., and**
**Artie Fletcher,**

        **Defendants**

## Motion to Dismiss Indictment for Prosecutorial Misconduct

Defendant Kenneth Fairley, Sr., through undersigned counsel, respectfully moves this Court to dismiss the Indictment in this case for prosecutorial misconduct, specifically for misleading the Court, misleading Defense Counsel, failing to produce Rule 16 and Brady materials until the weekend before trial, and failing to disclose that the other Defendant in this case was a cooperating government informant.

## Summary of Misconduct

On Sunday, September 4, 2016, the government produced new documents and audio recordings that had been, up until that time, withheld from Defendant Fairley and his counsel. Without exaggeration, the lawyers for Defendant Fairley were shocked when they read these new documents. In reviewing these documents in the government's untimely production, the lawyers for Defendant Fairley came to realize that (1) the government has made multiple, material, misrepresentations to the lawyers for Defendant Fairley, that (2) the government has withheld exculpatory documents from Defendant Fairley, and that (3) the government made material misrepresentations to the Court during the Pre-Trial Conference.

Separately, these documents the government withheld reveal a previous protected government secret, that the government has been using Defendant Artie Fletcher, who is still a named defendant in this case, as a government informant. Specifically, Artie Fletcher, while acting as a government informant, improperly obtained Defendant Fairley's confidential, privileged communications and trial strategies, and shared that information with the United States Attorney's Office. Only on the weekend before trial, after Defendant Fairley's trial team had shared its trial strategies with Co-Defendant Fletcher, did the government disclose evidence that they had withheld wrongly for years, evidence that the AUSAs and the federal agents had been working with Government Informant Fletcher to investigate and entrap Pastor Fairley.

## **Relevant Legal and Ethical Standards**

The Assistant United States Attorney's conduct violates the Due Process Clause and Sixth Amendment of the United States Constitution, this Court's Orders of March 23, 2016 and April 18, 2016, the Mississippi Rules of Professional Conduct 3.3(a), 3.4(a) and (d), 3.8, and 8.4, the American Bar Association Model Rules of Professional Conduct 3.3(a), 3.4(a) and (d), and 3.8, the American Bar Association Model Code of Professional Responsibility 7-103(B) and EC 7-13, Federal Rule of Criminal Procedure 16(1)(B)(i), and *Brady v. Maryland,* 373 U.S. 83 (1963), *Kyles v. Whitley*, 514 U.S. 419 (1995), and various Department of Justice policies, including United States Attorney's Manual 9-5.001, DOJ Criminal Resource Manual 165, and the Guidance for Prosecutors regarding Criminal Discovery ("Ogden Memo"), January 4, 2010.

**Factual Background**

**Government's Untimely Production of Exculpatory Evidence
Revealing Government's Infiltration of Fairley's Attorney-Client Relationship**

On the evening of Saturday, September 3, 2016, counsel for the government acknowledged for the first time that the government had failed to produce certain recorded statements of the Defendant. These recorded statements of the Defendant were made at the direction and in the presence of FBI SA David Roncska, HUD-OIG SA Robert Weeks, IRS SA Bradley Luker, and Mississippi State Auditor's Office James Grimes. *See* **Exhibit A**. Furthermore, the government acknowledged that it failed to produce a single FBI Form 302 statement by one of the lead investigating agents, notwithstanding earlier government representations that all such statements had been produced.

The next day, on Sunday, September 4, 2016, the government produced a number of documents and recordings, including the government's production for the first time of (1) audio copies of several statements of Defendant Fairley, (2) a transcribed version of a recorded statement of Defendant Fairley, and (3) not one, but two, FBI Form 302s authored by SA Roncska. The FBI Form 302s partially documented the government's interactions with Co-Defendant Artie Fletcher, and revealed for the first time that the FBI had been running Artie Fletcher as a government informant at the same time that Artie Fletcher and his attorneys were interacting with Defendant Fairley and his counsel.

Also on September 4, 2016, Defendant received a transcript of the plea hearing of Artie Fletcher before this Court in Case No. 2:16-cr-16 on Friday, September 2, 2016. The transcript further confirms these violations. *During the plea hearing, in open court, the government specifically described one of the recorded conversations between Fletcher and Defendant Fairley that the government had not produced to Defendant Fairley.* In the same hearing, AUSA

Jay Golden told the Court, "I did want to let the court know, kind of reiterate what Mr. Roby said, which is that [Mr. Fletcher] has been cooperative with the investigating agents, especially early on in the investigation." Transcript, Plea Hearing, September 2, 2016, p. 26.

By withholding several of these recorded statements of the Defendant, and more importantly, by withholding these FBI Form 302s, which document the government's participation in these recordings, the government obtained confidential, privileged communications and strategy from Defendant Fairley and his lawyers, in violation of the Court's orders, the Department of Justice policies, and the Mississippi Rules of Professional Conduct. AUSA Golden's acknowledgement of Artie Fletcher's role as a government informant in one proceeding and his steadfast refusal to produce such evidence in another proceeding should be addressed by this Court.

Notably, the government did provide counsel for the Defendant an opportunity to review certain trial exhibits approximately six weeks before the trial date. The government declined to provide copies of the exhibits to counsel for the Defendant at that time. However, undersigned counsel for the Defendant specifically asked counsel for the government if any of the recorded statements were made by the government. (Defense counsel wondered whether the government could authenticate these transcripts.) Counsel for the government indicated that the recordings were not made by the government. It is now clear that the government's statement was misleading, and did "unlawfully obstruct another party's access to evidence [and] unlawfully . . . conceal a document or other material having potential evidentiary value," specifically SA Roncska's Form 302s identifying Fletcher as a government informant. *See* Mississippi Rule of Professional Conduct 3.4(a).

**Legal Standard**

This Court has the authority to dismiss the Indictment in this case if it finds a party deceives the court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process. United States v. Shaffer Equipment Co., 11 F.3d 450, 462 (4th Cir. 1993) ("[T]he inherent power to dismiss a case for the misconduct of counsel is undoubtedly clear."); United States v, National Medical Enterprises, 792 F.2d 912 (9th Cir. 1996); United States v. Martin, 480 F. Supp. 880, 882, 885 (S.D.Tex. 1979) ("totality of circumstances" involving prosecutorial misconduct, and in Court's exercise of "supervisory function," warranted extreme remedy of dismissal).

Alternatively, the Court has the authority to disqualify the United States Attorney's Office for the Southern District of Mississippi. The government's attorney have knowingly collected privileged information and strategy through their cooperating informant, and the lawyers from the Office are now tainted. See Mississippi Rule of Professional Conduct 1.10.

Finally, the Court has the authority to exclude witnesses from the government's case. Given the circumstances, excluding Artie Fletcher as a government witness would be appropriate. Further, the agents who handled Artie Fletcher as a government informant but failed to follow their agency's policies and failed to provide the Assistant United States Attorney with documentation, as required by their agencies, as well as failed to produce exculpatory evidence, should be prevented from testifying as a sanction.

## Conclusion

Defendant Fairley respectfully requests that this Court make a finding that the government has engaged in prosecutorial misconduct for (1) making material misrepresentations to the Defense Counsel regarding evidence; (2) withholding material, exculpatory evidence from the Defendant; (3) making material misstatements to the Court

during the Pre-Trial Conference; and (4) knowingly engaging in an invasion of the attorney client relationship between Defendant Fairley and his counsel by covertly running Co-Defendant Artie Fletcher as a government informant during the investigation.

The Court has broad authority to select an appropriate sanction, and Defendant Fairley respectfully requests that the Court dismiss the Indictment with prejudice.

Respectfully Submitted,

Arnold A. Spencer
Counsel for Kenneth Fairley, Sr.
Spencer & Associates
Pro Hac Vice
Texas State Bar # 00791709
500 Main Street, Suite 1040
Fort Worth, Texas 76102
(214) 385-8500
arnoldspencer75225@gmail.com

Bertram Marks
Counsel for Kenneth Fairley Sr.
Litigation Associates PLLC
Pro Hac Vice
Michigan Bar # 47829
7375 Woodward Avenue
Suite 2000
Detroit, Michigan 48212
248 737-4444
bmarks@litigationassociatespllc.com

Sanford Knott
MSB # 8477
PO Box 1208
Jackson, Mississippi  39215
Counsel for Kenneth Fairley, Sr.

**Certificate of Service**

I, Sanford Knott, attorney for the Defendant, do hereby certify that I have on this date emailed and mailed via U.S. Postal Services, postage prepaid, a true and correct copy of the foregoing document to the following:

Asst. U.S. Attorney Jay Golden
United States Attorney's Office
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201

This the 3rd day of September, 2016.

                                        ___/s/ Sanford Knott_____

                                        Sanford, E. Knott, Esquire