**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                    **CRIMINAL ACTION NO. 2:16-CR-3-KS-MTP**

**KENNETH E. FAIRLEY, SR.
and ARTIE FLETCHER**

**ORDER**

This matter is before the Court on the Motion to Continue Sentencing [92] filed by Defendant Kenneth E. Fairley, Sr. ("Defendant").  Sentencing is currently set for December 19, 2016.  Defendant asks that the Court continue sentencing until January 2017.  The decision to grant a continuance is "within the sound discretion of the trial court."  *United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014) (citing *United States v. Shaw*, 920 F.2d 1225, 123 (5th Cir. 1991)).  In support of his motion, Defendant articulates seven grounds, each of which the Court will address in turn.

    1.    **Multiple Objections to PSR**

Defendant first argues that, because he has raised multiple objections to the Presentence Report ("PSR") that were all rejected by the Probation Officer and because a sentencing hearing will therefore be necessary to deal with these objections, he is entitled to a continuance.  The Court does not find this argument persuasive.  Under this logic, any defendant would be entitled to a continuance simply by raising multiple objections to a PSR.  The fact that a sentencing hearing is necessary is not in and of itself a reason to continue the date set for that sentencing hearing.  Therefore, no continuance will be granted on this ground.

    2.    **Contested Issues of Fact and Law**

Defendant argues that there are contested issues of fact and law which will need to be addressed at the sentencing hearing. Though he argues that some of these are "complex in nature," he gives no indication as to what these issues are nor does he explain why these issues are so complex as to justify a continuance. Therefore, his motion will not be granted on this ground.

### 3. Expert Witness

Defendant claims that he has hired an expert to appraise the fair market value of certain property and that a continuance of the sentencing hearing is necessary for his expert to complete his work and prepare a report.

> If a continuance is sought because of the unavailability of a witness, the movant must show the court that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant.

*United States v. Scott*, 48 F.3d 1389, 1394 (5th Cir. 1995) (quoting *United States v. Rodriguez*, 15 F.3d 408, 411 (5th Cir. 1994)) (internal quotations omitted). Defendant has not shown the Court that due diligence has been exercised in order to ensure his expert would be ready and able to testify at his sentencing hearing. The hearing has been scheduled for December 19, 2016, since Defendant was convicted on September 12, 2016. The PSR was served on Defendant on October 14, 2016, and Defendant's Objections were submitted on November 11, 2016. If an expert became necessary based on the PSR and the subsequent Objections, then Defendant was well aware of this need as of November 11, 2016. Defendant did not file the current Motion to Continue Sentencing [92] until December 12, 2016, over a month later and only a week before sentencing, and has not attempted to show the Court that he was diligent in obtaining expert testimony in the intervening time.

Furthermore, Defendant has not shown that favorable evidence would be tendered by his expert should more time be granted for him to make his report or that the denial of a continuance

2

would materially prejudice Defendant. Defendant has not presented any evidence showing that his expert's appraisal of any property would substantially differ from any appraisal in the PSR so as to materially effect his sentencing guideline range. Without even an attempt to establish that favorable evidence would be given by his expert or that a denial would materially prejudice him, the Court will not grant Defendant's Motion to Continue Sentencing [92] on this basis.

### 4. Presence of Additional Witnesses

Similarly, Defendant argues that he should be granted a continuance in order to interview and secure the presence of additional witnesses at the sentencing hearing in order to refute certain determinations made by the Probation Officer in the PSR. Defendant does not identify these witnesses, state why they may not be available, establish that he has been diligent in his pursuit to secure their presence at the hearing, make any showing that they would tender favorable testimony, or establish that a denial of a continuance on this basis would materially prejudice him. As such, the Motion to Continue Sentencing [92] will not be granted on this ground.

### 5. New Counsel

Defendant also claims that a continuance is warranted because he has retained additional counsel, Herbert V. Larson, Jr., who is unavailable on the current date of sentencing because of long-standing travel plans. Mr. Larson was hired after the Court set the date for sentencing, and both he and Defendant should have been well-aware that it conflicted with his travel plans. The Court does not find that this is sufficient cause to grant a continuance, particularly when Defendant is well represented by the three attorneys who appeared at his trial and remain as counsel in this case.

### 6. Defendant's Medical Testing

Defendant contends that a continuance should be granted because he is "undergoing extensive medical testing" and a continuance "should allow him to complete that process before beginning any prison sentence." While regrettable, Defendant's medical issues are not grounds for a continuance unless they would cause him to be unavoidably unavailable for the sentencing hearing, which Defendant does not argue. Furthermore, Defendant has provided the Court with no medical records indicating the extent and seriousness of the testing being done nor has he given the Court anything but speculation that a continuance "should" give him enough time to complete this testing. As such, the Court does not find that a continuance is warranted on this ground.

### 7. Government's Position

As his final ground for a continuance, Defendant states that the Government has taken no position with regards to his Motion to Continue Sentencing. This is not in and of itself a reason to grant a continuance. Additionally, the Government clarified its position in its Response [94], stating that it requires no continuance and "leaves it to the Court to fairly balance the interests of the defendant." (Response [94] at p. 3.) Having considered each of Defendant's grounds, the Court does not find a continuance is warranted.

Because the Court ultimately finds that Defendant has shown no good cause as to why it should, in its discretion, continue the sentencing hearing currently set for December 19, 2016, the Motion to Continue Sentencing [92] will be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion to Continue Sentencing [92] is **denied**.

SO ORDERED AND ADJUDGED, on this, the ___14th___ day of December, 2016.

                                              ___s/Keith Starrett___  
                                              KEITH STARRETT

UNITED STATES DISTRICT JUDGE