UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 2:16-cr-00003 – KS - MTP

VERSUS

KENNETH E. FAIRLEY

KENNETH E. FAIRLEY'S REPLY
TO THE GOVERNMENT'S OPPOSITION TO
HIS MOTION FOR BAIL PENDING APPEAL

**COMES NOW** Kenneth E. Fairley, who, through undersigned counsel, respectfully submits the following reply to the Government's Opposition to his Motion for Bail Pending Appeal.

INTRODUCTION

The length and tenor of the Government's Opposition demonstrate a misunderstanding of the relevant legal standards and the Court's responsibility in evaluating the merits of a request for bail pending appeal. The Court's job is to determine whether there are substantial issues that are "doubtful" in terms of their resolution; not to consider the merits of those issues. In fact, the very length of the Government's Opposition belies its position: if there are no issues worthy of consideration, why does it need 16 pages to say that? The Government is simply wrong in both its approach and its conclusions as to each of the points discussed in Pastor Fairley's original motion. For ease of understanding, Pastor Fairley has again used the headings used in his original motion.

**a.** *The Crawford issue.*

In his original motion, Pastor Fairley's argued that his Sixth Amendment confrontation rights were violated by the admission into evidence certain recordings made by the co-defendant, Artie Fletcher, and a lawsuit drafted and filed by him. In response, the Government has argued that because these were statements made by a co-conspirator "during the course and in furtherance of a conspiracy," Pastor Fairley's rights were not violated.[1]

While the Government is absolutely correct that co-conspirator statements are admissible, pursuant to Fed.R.Evid. 801(d)(2)(E), the Government's analysis begs the two critical questions: was Artie Fletcher a co-conspirator at the time the statements were made, and were the statements made in furtherance of the conspiracy charged in the indictment? The short answer is no.

The conspiracy as alleged in the Indictment is limited to the two properties, 202 South Street and 125 East Fifth Street ("HUD-related properties) and wires from Fletcher in 2011 (identified in paragraph 49 of the PSR). Both the object and the overt acts refer exclusively to these two properties. While the Indictment does allege a broad time period through December 2012, the entire indictment centers on these two properties, and the transactions were completed in 2011. There is no evidence that the conspiracy as described in the Indictment continued after 2011. The recorded conversations (1) were made after the transactions were fully processed and reimbursed by the government; (2) involved different properties; (3) involved payments that Fletcher had made to a different entity; and (4) were unrelated to the HUD program. There is

---

[1] It should be noted that the late production of these recordings was in violation of Rule 16 of the Federal Rules of Criminal Procedure, and the discovery order that had been entered in this case. See Document #18, Paragraph 1, subparagraph (a) – requiring the production of all Rule 16 materials within 30 days of the date of the order, which was March 23, 2016. This untimely production, together with other untimely productions by the Government, creates yet another appellate issue, one beyond the purview of this reply.

2

simply no support for the argument that these calls were made in furtherance of the conspiracy involving the scheme described in the Indictment.

The most egregious example of the Government's disregard of the limits of Fed.R.Evid. 801(d)(2)(E) is provided by the recording that Fletcher made in 2014 from the FBI offices, which was introduced at trial. There is an abundance of case-law specifically holding that when a former co-conspirator is acting at the behest of the Government, he or she is no longer a member of the conspiracy. In fact, he or she has become an agent of the Government. *See, e.g. U.S. v. Vaquero*, 997 F.2d 78, 82 (5th Cir. 1993) -  "A defendant is presumed to continue involvement in a conspiracy unless that defendant makes a **substantial affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose**. *United States v. Branch,* 850 F.2d 1080 (5th Cir.1988), *cert. denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 806 (1989)." *See also U.S. v. Killian*, 639 F.2d 206, 209 (5th Cir. 1981); and *United States v. Coleman*, 463 Fed. Appx. 322, 324 (5th Cir. 2012) – confession to police sufficient to demonstrate withdrawal from conspiracies, citing *United States v. Jiminez*, 622 F.2d 753, 757-758 (5th Cir. 1980). *See also United States v. Benton*, 72 Fed. Appx. 88 (5th Cir. 2003) – "The affirmative act of a full confession to the authorities many constitute a withdrawal from the conspiracy."

In short, it is clear that at a minimum, there is an appellate issue as to whether this recording should have been admitted. Because this recording was relevant to all three counts of conviction, if its admission was error, all counts could be reversed, given the significance of the tape.

**b. The improper testimony and the absence of jury instructions regarding the correct legal standard for appropriate uses of HUD CDHO "set-aside funds."**

The gist of the Government's arguments on the above issue is that "the jury was properly instructed using "Fifth Circuit pattern instructions on the elements of Title 18, United States Code,

3

Sections 371 and 641." Again, the Government misses the point. Of course the jury was properly instructed on those two offenses. The error came from the failure to properly instruct on the HUD regulations governing the permitted uses of the funds made available for the projects.

The requested defense instruction was correct as to the regulations, and the subject thereof was not covered by any other instruction. This creates a significant appellate issue:

> We review a district court's refusal to provide a jury instruction requested by the defendant for abuse of discretion. *United States v. Wright,* 634 F.3d 770, 775 (5th Cir.2011). "We will reverse the district court's decision only if the requested instruction (1) was a substantially correct statement of the law; (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense." *Id.* (quotation marks and citation omitted).

*United States v. Zamora*, 661 F.3d 200, 208 (5th Cir. 2011).

### c. The sentencing issues

The Government's arguments regarding the <u>appellate issues</u> created by the sentence imposed in this case not only miss the relevant legal question (Are these "substantial questions?"), the arguments also miss the fundamental points of law governing these particular aspects of sentencing. For the Government to say that "even if [Pastor Fairley] were to succeed in attacking one or more of the enhancements of which he now complains, it would be of no avail to him . . ." is to defy legal common sense.

For example, if the Court of Appeals determines that Pastor Fairley is entitled to a credit for the fair market value of the properties at issue, a credit against the ultimate loss calculation, then the <u>loss</u> level from the offenses of conviction goes from $60,223.95 to ZERO. And if the enhancement of the additional $118,637.50 (reduced by the Court at sentencing by 38.5%, or to $133,185.00) is also removed, then Pastor Fairley has a <u>base offense level of 6, not the 20 found by the U.S. Probation Officer, or the 14 found by the Court</u>. Thus, even with all the other

enhancements, (the validity of which are contested), Pastor Fairley would have a total offense level of 12, with a guidelines range of 10 – 16 months. Given that the time for an appeal is at the lower end of this range, bail pending this appeal is clearly appropriate.

The Government seeks to negate the inclusion of the "fair market value of the property returned and the services rendered" as a credit again total loss through two arguments: (1) "Here, HUD, the victim in this prosecution, did not receive any money back;" and (2) ". . . this is not a fraudulent loan prosecution."[2] These are not coherent arguments: the Government would never have received money or property back even in the absence of the alleged fraud – what it received was the "value" of the property that was being operated by the City of Hattiesburg as low income housing.

As the Government notes later, "[t]here is no 'privity of contract' between HUD and the defendant." That is absolutely correct. Pastor Fairley held a position with Pinebelt, which was the contractor for the City of Hattiesburg, which administered the HUD funds. HUD bargained, and paid for low-income housing – to be owned and operated by others. And that is what it got for its money. And the value of what HUD got for its money cannot be ignored in the computation of what HUD ostensibly "lost" as a victim.

Moreover, there was "privity of contract" between HUD and the City of Hattiesburg. The Government erroneously claims in its response that HUD was precluded from activating recourse against the City of Hattiesburg because "the city worked in concert with the defendant in providing the HUD funds without appropriate documentation." This is simply incorrect. The agreement that exists between HUD and the City of Hattiesburg clearly states that HUD, at any time, could demand that the City of Hattiesburg repay the money it provided to Pinebelt. The language

---

[2]   Opposition of the United States, p. 14.

regarding this ability to recapture funds is unequivocal. HUD activated this recapture provision at one point, but later retracted the request for the return of funds.

Finally, the Government's efforts to limit Section 3 (E)(i) of the Application Notes under U.S.S.G. § 2B1.1 to fraudulent loan prosecutions should be flatly rejected by this Court – as it has been by the Fifth Circuit.  First, the sections cited by the Government, 3 (E) (ii) and (iii), are not the ones relied upon by Pastor Fairley.  Second, the Fifth Circuit itself has extended 3 (E)(i) to all manner of offenses, such as health care fraud, bank fraud, etc., as was noted in Pastor Fairley's original motion.

To argue that there can be no credit because HUD has no "security interest or mortgage in either of the two properties which were the subject of the prosecution" is to ignore the phrase "fair market value of the . . . services rendered" in Section 3 (E)(i) of the Application Notes.  And while that is ultimately an issue for the Fifth Circuit to resolve, at present it is enough for this Court to conclude that bail is appropriate.

## CONCLUSION

It should be clear to the Court that there are multiple substantial legal issues in this case – both trial issues, and sentencing issues.  And given the nature of the indictment – a single scheme, with three interdependent counts – it should also be apparent that if the Court of Appeals finds error, unless that error is purely a sentencing error, it will infect the entire trial.  Thus bail is especially appropriate in this case.

Respectfully submitted, this 24th day of January, 2017.

                                      Respectfully submitted,

                                      */s/Herbert V. Larson, Jr.*
                                      Herbert V. Larson, Jr. (La. Bar No. 8052)
                                      700 Camp Street
                                      New Orleans, LA 70130
                                      (504) 528-9500
                                      hvl@hvllaw.com

                                      Counsel *pro hac vice* for
                                      Kenneth E. Fairley


                                      */s/ Arnold A. Spencer*
                                      Arnold A. Spencer
                                      Spencer & Associates
                                      500 Main Street, Suite 1040
                                      Fort Worth, Texas  76102
                                      (214) 385-8500

                                      Counsel *pro hac vice* for
                                      Kenneth E. Fairley

                                      */s/ Bertram L. Marks*
                                      Bertram L. Marks (Michigan Bar No. P47829)
                                      7375 Woodward
                                      Suite 2000
                                      Detroit Michigan 48202
                                      (248) 737-4444

                                      Counsel *pro hac vice* for
                                      Kenneth E. Fairley

                                      */s/ Sanford Knott*
                                      Sanford Knott
                                      Sanford Knott & Associates
                                      MSB #8477
                                      P.O. Box 1208
                                      Jackson, MS  39215
                                      601-355-2000

                                      Counsel for
                                      Kenneth E. Fairley

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing Motion for Bail Pending Appeal with the Clerk of Court by using the CM/ECF system, thereby sending a notice of electronic filing to the appropriate counsel of record.

Date:  February 3, 2017.

*/s/Herbert V. Larson, Jr.*
HERBERT V. LARSON, JR.