UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 2:16-cr-00003 – KS - MTP

VERSUS

KENNETH E. FAIRLEY

MEMORANDUM IN SUPPORT OF
KENNETH E. FAIRLEY'S SUPPLEMENTAL MOTION FOR BAIL PENDING APPEAL

Herbert V. Larson, Jr. (La. Bar No. 8052)
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
hvl@hvllaw.com

Counsel *pro hac vice* for
Kenneth E. Fairley


Arnold Spencer
Spencer & Associates
500 Main Street, Suite 1040
Fort Worth, Texas  76102
(214) 385-8500

Counsel *pro hac vice* for
Kenneth E. Fairley

Sanford Knott
Sanford Knott & Associates
MSB #8477
P.O. Box 1208
Jackson, MS  39215
601-355-2000

Counsel for
Kenneth E. Fairley

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... 3

   A.   THE LEGAL STANDARD FOR BAIL PENDING APPEAL. ........................................... 5

   B.   THE LEGAL STANDARD AS APPLIED TO THE FACTS OF THIS CASE. ................. 7

      1.   Kenneth Fairley is not a flight risk, and this appeal is not for purposes of delay ............ 7

      2.   The substantial question of law and fact. ........................................................................ 8

   C.   CONCLUSION ................................................................................................................ 17

CERTIFICATE OF SERVICE ............................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Baugh v. United States,* 540 F.2d 1245 (4th Cir.1976) ................................................... 13

*Blockburger v. United States*, 284 U.S. 304 (1932) ......................................................... 11

*Crabb v. Zerbst*, 99 F.2d 562 (5th Cir. 1938) .................................................................... 10

*Forrester v. United States*, 456 F.2d 905 (5th Cir. 1972) ................................................. 11

*McDonough v. United States*, 248 F. 2d 725 (8th Cir. 1957) ........................................... 11

*McMillen v. United States*, 386 F. 2d 29 (1st Cir. 1967) ................................................. 12

*Milanovich v. United States*, 365 U.S. 551 (1961) ................................................... 10, 13

*Morissette v. United States*, 342 U.S. 246 (1952) ............................................................ 10

*State v. Silva,* 110 R.I. 290, 292 A. 2d 228 (1972); *cert. denied,* 431 U.S. 919 (1977) ............... 13

*United States v. Burton*, 871 F. 2d 1566 (11th Cir. 1989) ................................................ 10

*United States v. Chandler*, 858 F. 2d 254 (5th Cir. 2011) ................................................ 15

*United States v. Clark*, 917 F.2d 177 (5th Cir. 1990) ......................................................... 7

*United States v. Elkins,* 885 F.2d 775 (11th Cir.1989), *cert. denied,* 494 U.S. 1005 (1990) .......... 8

*United States v. Elkins,* 885 F.2d 775, 781 (11th Cir.1989),
   *cert. denied,* 494 U.S. 1005 (1990) ................................................................................ 8

*United States v. Giancola*,
   754 F.2d 898 (11th Cir. 1985) ......................................................................................... 6

*United States v. Harmas*, 974 F.2d 1262 (11th Cir. 1992) ................................................. 8

*United States v. Hill*, 835 F. 2d 759 (8th Cir. 1987) ......................................................... 12

*United States v. Hunter*, 558 F. 3d 495 (6th Cir. 2009) .................................................... 17

*United States v. Miller*,
   753 F.2d 19 (3rd Cir. 1985) ......................................................................................... 6, 7

*United States v. Minarik*, 875 F.2d 1186 (6th Cir. 1989) .................................................. 8

*United States v. Trzcinski,* 553 F.2d 851(3d Cir.1976) ..................................................... 13

*United States v. Valera-Elizondo*,
   761 F.2d 1020 (5th Cir. 1985) .................................................................................... 6, 7

*United States v. Washington,* 861 F.2d 350 (2d Cir.1988) ............................................. 13

*United States v. White*, 440 F. 2d 978 (5th Cir. 1971) ...................................................... 12

**MAY IT PLEASE THE COURT:**

As the Court is aware, Kenneth E. Fairley has previously sought bail pending appeal from this Court. The Court denied the request. That request was renewed in the Court of Appeals, but the appellate request was supplemented with an additional ground for bail, one that had not been presented to this Court. On May 25, 2017, the Court of Appeals entered an order denying without prejudice Fairley's motion for bail pending appeal. In that order, Fairley was given the option of returning to this Court to present the "new" claim, or of relinquishing that claim, and presenting only those claims previously denied by this Court.

In compliance with the order of the Court of Appeals, Kenneth E. Fairley asks this Court to decide, in the first instance, whether he is entitled to bail pending appeal on the following ground (as described in his appeal to the Fifth Circuit, where it is "Issue I"):

> Fairley stood trial on an indictment that charged a conspiracy to violate, and two substantive violations of a "hybrid" offense that does not exist under the charging statute. His jury instructions substantively modified his indictment, and the jury's verdict further modified it. Ultimately, Fairley's jury returned a verdict in the alternative on this non-existent offense. Do these errors individually or cumulatively require reversal under any standard of review?

As shown below, this issue raises a substantial question, one which, if decided in Fairley's favor, would result in acquittal, or in an order for new trial. Accordingly, bail pending appeal should be granted.

    **A. THE LEGAL STANDARD FOR BAIL PENDING APPEAL.**

Applications for bail pending appeal are governed by 18 U.S.C. § 3143(b), which creates a presumption against such bail. The statute does not eliminate bail pending appeal, but instead limits its availability to defendants who can meet its criteria. A defendant who seeks bail pending appeal must show that:

(1)    he is not a flight risk;

5

  (2)  he is not likely to pose a danger to any other person or the community if released;
  (3)  the appeal is not for purpose of delay; and
  (4)  the appeal raises a substantial question of law or fact likely to result in –
    (i)  reversal
    (ii)  an order for new trial,
    (iii)  a sentence that does not include a term of imprisonment, or
    (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[1]

Of these four criteria, only the fourth, that "the appeal raises a substantial question of law or fact," requires reference to the case law for interpretation.

In the Fifth Circuit, that interpretation is provided in *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985). The *Valera-Elizondo* court stated that:

> This Court adopts the *Miller* interpretation of section 3143(b), subject to the *Giancola* Court's and this Court's additional observations on the definition of a "substantial question." In addition, we assign to "likely" its ordinary meaning of "more probable than not."[2]

The *Miller* interpretation of "substantial question" is straightforward: it is "a question that is **either** novel, which has not been decided by controlling precedent, **or** which is fairly doubtful. Secondly, [to find a substantial question] the court must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial."[3]

The *Valera-Elizondo* Court explained the Eleventh Circuit's "additional observations" on the definition of "substantial question" as follows:

> The *Giancola* Court noted that the lack of controlling precedent may in some instances be indicative of only that the issue is so patently frivolous that it has not been found necessary for it to have been resolved. The Eleventh Circuit would

---

[1] 18 U.S.C. § 3143(b).
[2] *Valera-Elizondo,* 761 F.2d at 1025 (*discussing United States v. Miller*, 753 F.2d 19 (3rd Cir. 1985) *and United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985)).
[3] *Valera-Elizondo*, 761 F.2d at 1023 (emphasis added).

thus define a "substantial question" as one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, whether a question is substantial must be determined on a case-by-case basis.[4]

The Fifth Circuit further commented: "We would add our observation that 'substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."[5]

This standard, however, **does not** mean that this Court must find that it is likely to be reversed on appeal:

> [W]e are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.[6]

### B.  THE LEGAL STANDARD AS APPLIED TO THE FACTS OF THIS CASE.

#### *1.  Kenneth Fairley is not a flight risk, and this appeal is not for purposes of delay*

In its original order denying bail pending appeal, this Court found that "[t]he parties apparently agree that Defendant is not a flight risk, and that his appeal is not for purpose of delay."[7] Accordingly, this memorandum will be confined to the question of whether "Issue I" in Fairley's appeal raises a "substantial question."

---

[4] *Id.* at 1023-24 (internal citations and quotation marks omitted).
[5] *See id*. at 1024.
[6] *See id.* at 1022-23 (*quoting Miller*, 753 F.2d at 23); *see also United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (expressly adopting the *Valera-Elizondo* standard).
[7] District Court's Order of February 8, 2017, p. 3.

**2.  *The substantial question of law and fact.***

(i)  <u>The factual predicate</u>

The seven (7) count indictment in this case was returned by the grand jury on March 10, 2016.  The only defendants named were Kenneth Fairley and Artie Fletcher.[8]  Count 1 alleged a criminal conspiracy (18 USC § 371) between Kenneth Fairley and Artie Fletch.  However, as can be seen from the face of the indictment, Count 1 *disjunctively* charges <u>both</u> of the offenses created by 18 USC § 371 – the conspiracy "to defraud the United States;" *or* the conspiracy "to commit [an] offense against the United States."[9]

Here, the offense against the United States was 18 USC § 641, which provides, in pertinent part, as follows:

> Whoever *embezzles, steals, purloins, or knowingly converts* to his use or the use of another . . . ; *or*
>
> Whoever *receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted* . . .
>
> Shall be [punished as provided by law]  (emphasis added).

What is significant for the appeal in this case (and thus this motion) is that § 641 <u>also</u> creates two separate and distinct offenses:  a 'theft offense' – "Whoever embezzles, steals, purloins, or knowingly converts to his use . . . ," and a 'receiving stolen property offense' – "Whoever receives, conceals, or retains the same . . . ."

---

[8] Although Artie Fletcher was originally named as a co-defendant in the indictment, the Friday before Fairley's trial, Fletcher entered a plea of guilty to a misprision of a felony (18 USC § 4) in a separate proceeding, and received a sentence of three years supervised release.  *See United States v. Artie Fletcher,* #16-00016 in the Southern District of Mississippi, Hattiesburg Division.

[9] 18 USC § 371 creates two separate offenses.  "The statute's first sentence has always been read in the disjunctive to create a crime of conspiracy to commit an 'offense' against the United States that is to be distinguished from the crime of conspiracy to 'defraud' the Government." *United States v. Minarik*, 875 F.2d 1186 (6th Cir. 1989); *United States v. Harmas*, 974 F.2d 1262 (11th Cir. 1992), citing *United States v. Elkins,* 885 F.2d 775, 781 (11th Cir.1989), *cert. denied,* 494 U.S. 1005 (1990).

Counts 2 and 3 of the indictment charged Fairley with substantive violations of 18 USC § 641, as follows: Count 2 alleges that "on or about July 22, 2011 . . . KENNETH E. FAIRLEY, JR., together with others known and unknown to the Grand Jury, did knowingly and willfully *retain*, *conceal, and convert to his own use* . . . $46,703.50 . . . " (emphasis added). Count 3 alleges that "on or about August 26, 2011 . . . KENNETH E. FAIRLEY, JR., together with others known and unknown to the Grand Jury, did knowingly and willfully *retain*, *conceal, and convert to his own use* . . . $51,296.50 . . . " (emphasis added).[10] In short, Counts 2 and 3 combine, and *conjunctively* charge *both* offenses created by 18 USC § 641.[11]

As the Court is aware, Fletcher entered a plea of guilty the Friday before Fairley's trial, making Fairley the lone defendant at trial, charged in only the first three counts of the indictment.

(ii) <u>The legal issue, and why it is substantial</u>

Counts Two and Three of the indictment, which allege that Fairley violated 18 U.S.C. §641 by "retaining, concealing and converting" property belonging to the United States, **charge a nonexistent offense that is wholly the creation of the Government.**

The statute in question 18 U.S.C. § 641, provides as follows:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted... [shall be punished according to law].

---

[10] These sums represent the two checks issued by the City of Hattiesburg.
[11] Counts 4-7 of the original indictment alleged violations of 18 U.S.C. §§ 1956 and 1957, i.e., money laundering. However, these counts played no role at trial, because they were dismissed by the Government before the trial began.

9

Thus, 18 U.S.C. § 641 has two subparts, each proscribing a distinct offense.

The first subpart, "whoever embezzles, steals, purloins or knowingly **converts** to his use" or "without authority, sells, conveys or disposes" of any money or thing of value of the United States, is aimed at the thief and various forms of theft and conversion of government property. See *Morissette v. United States*, 342 U.S. 246, 269, n. 28 (1952) (describing 18 U.S.C. § 641 as applying to acts that constituted larceny and embezzlement at common law but also acts shading into those crimes, such as stealing); and *Crabb v. Zerbst*, 99 F.2d 562, 565 (5th Cir. 1938) ("steal" added to common law crimes of embezzlement and larceny to fill gaps among those offenses).

This first paragraph identifies the several acts of stealing, purloining, embezzling and converting disjunctively, and prescribes that each constitutes a violation of the statute, provided that the acts involve money or a thing of value of the United States. *United States v. Burton*, 871 F. 2d 1566 (11th Cir. 1989).[12]  Stealing, purloining, embezzling and converting are thus alternate means of committing the "theft" offense described in paragraph one of Section § 641.

While the first paragraph prohibits certain acts of taking, or theft, the second is directed at a separate and discrete harm: receiving, **retaining** or **concealing** such property known to have been stolen, embezzled or converted, with the intent of converting that property to one's own use. *Milanovich v. United States*, 365 U.S. 551, 554 (1961). Although the Court in *Milanovich* described the second paragraph as directed toward a different group of offenders than the first, the second paragraph clearly describes a separate and distinct offense, with different elements, from the offense in the first paragraph. *Id.*

---

[12] The alternate means of violating this first paragraph, selling or disposing of government property without the authority to do so, is not addressed because it is irrelevant.

10

The elements of the two subparts of 18 U.S.C. § 641 are not interchangeable. "[E]ach provision requires proof of a fact which the other does not."[13] One offense is the theft of a thing of value of the United States and the other, the separate offense of receiving, retaining or concealing government property known to have been stolen, with the intent to convert it to one's own use or gain. *Forrester v. United States*, 456 F.2d 905 (5th Cir. 1972) (distinguishing robbery and receiving stolen property in 18 U.S.C. § 2113 as separate and distinct offenses); *McDonough v. United States*, 248 F. 2d 725, 728 (8th Cir. 1957) (finding that 18 U.S.C. § 641 "defines two separate and distinct offenses, namely, the stealing of a thing of value of the United States and retaining the same with intent to covert it to one's own use or gain, knowing it to have been stolen.").

The very structure of the statute evidences Congressional intent to treat the offenses as separate and distinct. The first paragraph was enacted in the Act of March 2, 1863, and preceded the second by over a decade. *Milanovich v. United States,* 365 U.S. at 554, n. 4. When Congress amended the statute to include the common law crime of receipt of stolen property, it did not incorporate the elements of this offense into paragraph one, but instead established a second, separate paragraph.[14]

However broad 18 U.S.C. § 641 may be in seeking to codify into one statute a broad crime against property, "it nevertheless circumscribes the means by which that crime can be committed…[t]hus even though the nature of the crime is vast in scope, it is subject to statutory delineations with internal demarcations of proof which cannot be blurred." *United States v. Hill*, 835 F. 2d 759, 763 (8th Cir. 1987).

---

[13] *See Blockburger v. United States*, 284 U.S. 304 (1932).
[14] This is in contrast to the inclusion of selling, conveying, or disposing of government property without authority to do so in paragraph one, joined to embezzling, purloining, stealing or knowingly converting government property by the disjunctive "or".

11

At common law receipt of stolen property was a distinct offense from theft or larceny, and this distinction remained in Congress' amendment of Section 641, in the separate paragraph delineating the "receipt of stolen government property" offense. The Supreme Court's opinion in *Milanovich* suggests without deciding the question that the crimes of theft and receipt of stolen property, as defined in the statute, are separate, distinct and incompatible crimes. *United States v. Minchew*, 417 F.2d 218, 219 (5th Cir. 1969), *cert. denied*, 397 U.S. 1014 (1970) (describing two possible interpretations of *Milanovich* as either that paragraph two of Section 641 is "uniformly inapplicable to the person who stole the Government property in question" or, that a person cannot be convicted and <u>punished</u> for both stealing government property and for receiving the same property).

The statute's retention of the common law distinctions, both in its articulation of the alternate means of violating paragraph one, and its separate and independent delineation of a "receipt of stolen property" offense, supports the Fifth Circuit's interpretation of *Milanovich* in *United States v. White*, 440 F. 2d 978 (5th Cir. 1971) as holding that the same defendant may not be convicted of both theft of government property and receipt of stolen property, not on multiplicity grounds, but because these offenses are separate, distinct and mutually exclusive. *Id* at 982. *Id.*,[15]; *see also McMillen v. United States*, 386 F. 2d 29, 37 (1st Cir. 1967) (observing of *Milanovich, supra*, that as to theft and receipt of stolen property"[o]ne cannot at once take and receive the same thing"); *United States v. Washington,* 861 F.2d 350, 352 (2d Cir.1988); *Baugh v. United States,* 540 F.2d 1245, 1246 (4th Cir.1976) ("logic ... instructs us that there is an

---

[15] *White* was dealing with 18 USC § 2113, not § 641, but observed that while multiple convictions rendered against a single defendant under subsections (a) (b) and (d) of that statute would not be inherently inconsistent either factually or legally, conviction on subsection (c), which involves the offense of receiving, is inherently inconsistent with the other sections and a separate, incompatible offense, relying on *Milanovich* and *McMillen v. United States, supra.*

12

inherent inconsistency in treating a taking as a receipt"); *see also United States v. Trzcinski,* 553 F.2d 851, 853 (3d Cir.1976) (Hunter III, James, dissenting), *citing Ing. v. United States*, 278 F. 2d 363, 366 (9th Cir. 1960); *State v. Silva*, 110 R.I. 290, 292 A. 2d 228 (1972); *cert. denied,* 431 U.S. 919 (1977); R. Anderson, Wharton's Criminal Law and Procedure, § 576 (1957); *Milanovich v. United States,* 365 U.S. at 558 (1961) (Frankfurter, J., dissenting) ("a thief cannot be charged with committing two offenses—that is, stealing and receiving the goods he has stolen [,] ... for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken.") (citations omitted).

Here, the problem is not just that the Government charged Fairley with both theft of government property, and receipt of that same property, but that it did so in the same count of the indictment. The indictment is thus logically inconsistent in its factual allegations. In its drafting, the Government simply treated separate elements of each distinct offense created by the two paragraphs of the statute as interchangeable, blending only the first element (retaining or concealing) of paragraph two, with the alternate means of violating paragraph one, by knowingly converting government property.

Furthermore, Counts 2 and 3 do not properly allege that Fairley committed either offense as described separately by the statute in its two subparts. Retaining or concealing government property only violates the statute if the defendant retained or concealed property *known to have been embezzled, converted, or stolen*, and did so *with the intent to then convert it to his use*, <u>neither of which are alleged</u>. Thus, the Government has created a non-existent "hybrid" offense. Put another way, the single act described in each Count, which in Count 2 occurred on July 22, 2011, and involved $46, 703.50, and on August 26, 2011 in count 3, and which involved $51,

13

296.50 (Count 3) cannot at once constitute both the theft and the receipt of stolen property by the same person - Fairley.

The error created by these defective counts in the indictment was further magnified by faulty jury instructions for Counts 2 and 3. These instructions actually amended the indictment, by expanding the charges to include "receiving" government money with the intent to convert it -- even though the indictment never charged <u>receipt</u> of stolen property at all.

At trial, the defense asked the district court to give the Pattern Fifth Circuit charge for 18 USC § 641.[16] This charge tracks the language of paragraph one and establishes the elements of the offense described in that paragraph only. Notably, the Fifth Circuit pattern instruction does not include "retaining" or "concealing", as an element, or "alternate means" of committing the theft offense defined in paragraph one.

Instead the Court instructed the jury thusly:

Count 2 of the Indictment accuses defendant Kenneth E. Fairley, Sr., of violating Title 18 of the United States, Code, Section 641, which makes it illegal to knowingly and willfully receive, retain, conceal, or convert any money, property or thing of value belonging to the United States having an aggregate value of more than $1,000. For you to find the defendant Kenneth Fairley guilty of this crime, you must be convicted that the government has proven each of the following beyond a reasonable doubt: First, that the money described in Count 2 of the indictment belonged to the United States and had a value in excess of $1,000 at the time alleged; second, **that the defendant, Fairley, knowingly and willfully converted, received, retained, concealed or converted such money**; and third, that the defendant Fairley did so **with intent to convert said money** to his use or the use of another.[17]

The instruction thus enlarged the charges in the indictment, by adding *receipt* of government money as a basis for conviction on Counts Two and Three. The Court then referred the jury to Instructions No. 10 and 11, which the court described as dealing with "the unanimity

---

[16] ROA 4115-4117.  (The reference ROA refers to the Record on Appeal).
[17] ROA  - The same instruction was given for Count 3 of the indictment.

14

you must have, that you must be unanimous as to what you find the defendant did if you find him guilty" and lists the "four" ways "that are charged, which are received, retained, concealed or converted," even though the Grand Jury never considered the crime of "receipt" of stolen property, and the indictment never alleged that Mr. Fairley violated the statute by "receiving" government property, "with the intent to convert" it.

By adding "receive" as a basis upon which the jury could return a verdict of guilt, the instructions effectively enlarged the indictment, violating the long-standing principle that after an indictment has been returned, its charges may not be broadened through amendment, but only by the grand jury itself.[18] This amendment affected Fairley's right under the Fifth Amendment to be tried "only on charges presented in a grand jury indictment." *United States v. Chandler*, 858 F. 2d 254, 256 (5th Cir. 2011).

And, as discussed below, the verdict form repeated the erroneous inclusion of "receipt", specifically providing the jury with the choice of "receive" as a basis for its verdict of guilt as to each Count charging a violation of 18 U.S.C. § 641.

The jury verdict form incorporated "receive" as a basis for finding that Fairley guilty, and directed the jury to agree unanimously as to the basis for its guilty verdict, choosing only one of four options: receive, retain, conceal, or convert. Thus the verdict form repeated the errors of the instructions, and it added *yet another* means of establishing the first element of paragraph two of the statute: "receive," along with "retain and conceal." Although instructed to choose unanimously only one of these four, the jury instead chose "receive" *or* "convert," in the alternative, as illustrated below:

---

[18] *United States v. Young*, 730 F. 2d 221, 223 (5th Cir. 1984); *United States v. Cooper*, 714 F. 3d 873 (5th Cir. 2013); *United States v. Norris*, 281 U.S. 619, 622 (1930) (nothing can be added to an indictment without the concurrence of the grand jury by which the bill was found).

2. On Count 2 of the Indictment, knowingly and willfully receiving, retaining, concealing, or converting any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000 in violation of 18 U.S.C. § 641, we, the jury, find the Defendant Kenneth E. Fairley, Sr.:

    __X__ GUILTY  _____ NOT GUILTY

3. On Count 3 of the Indictment, knowingly and willfully receiving, retaining, concealing, or converting any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000 in violation of 18 U.S.C. § 641, we, the jury, find the Defendant Kenneth E. Fairley, Sr.:

    __X__ GUILTY  _____ NOT GUILTY

JURY FOREPERSON:

DATE: September 12, 2016

18

17-60001.777

ROA 777.

Although the jury was polled, the poll simply asked all the jurors to raise their hands to affirm the verdict.[19] Defense counsel, who never saw the verdict form until long after the trial was over, were not aware of the modification, and thus had no opportunity to object.

Unfortunately, the district court did not remark upon, or note the jury's failure to follow its instructions when reviewing the special verdict form. Thus, there was no clarification of the jury's actual verdict, to ensure that the jury's finding of guilt as to the actual offense of

---

[19] ROA 4206-07.

16

conviction was unanimous. Because the district court gave no notice of the problem, there could be no waiver of the [undisclosed] error.

The several legal questions presented by these facts, and this discussion of the law are unquestionably "substantial," because at the end of the day, the most fundamental question of the criminal justice system cannot be answered: of what crime did the jury convict the defendant? See *United States v. Hunter*, 558 F. 3d 495, 502 (6th Cir. 2009) (reversal required where indictment, jury charge and verdict form all misstated elements of §924 (c) offenses by mixing elements of two offenses).

### C. CONCLUSION

Wherefore Kenneth E. Fairley respectfully requests this Court to grant him bail pending his appeal to the United States Court of Appeals for the Fifth Circuit, and any subsequent appeal to the United States Supreme Court, on the same terms and conditions as were originally imposed pending his trial in the district court.

Respectfully submitted, this 5th day of June, 2017.

                                            Respectfully submitted,

                                            */s/Herbert V. Larson, Jr.*
                                            Herbert V. Larson, Jr. (La. Bar No. 8052)
                                            700 Camp Street
                                            New Orleans, LA 70130
                                            (504) 528-9500
                                            hvl@hvllaw.com

                                            Counsel *pro hac vice* for
                                            Kenneth E. Fairley

> */s/ Arnold Spencer*
> Arnold Spencer
> Spencer & Associates
> 500 Main Street, Suite 1040
> Fort Worth, Texas  76102
> (214) 385-8500
>
> Counsel *pro hac vice* for
> Kenneth E. Fairley
>
> */s/ Sanford Knott*
> Sanford Knott
> Sanford Knott & Associates
> MSB #8477
> P.O. Box 1208
> Jackson, MS  39215
> 601-355-2000
>
> Counsel for
> Kenneth E. Fairley

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing Motion for Bail Pending Appeal with the Clerk of Court by using the CM/ECF system, thereby sending a notice of electronic filing to the appropriate counsel of record.

Date:  June 5, 2017.

> */s/Herbert V. Larson, Jr.*
> HERBERT V. LARSON, JR.